UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re
LATONYA WESTRY,
Debtor.
_____/

LATONYA WESTRY,

        Appellant,

v.

KIM JIN LIM, CHAPTER 7 TRUSTEE,

        Appellee.
_____/

Civil Case No. 13-13092

SENIOR UNITED STATES DISTRICT JUDGE
ARTHUR J. TARNOW

MAGISTRATE JUDGE PAUL J. KOMIVES

**ORDER AND OPINION AFFIRMING THE BANKRUPTCY COURT'S JUNE 7, 2013 ORDER [45]**

Before the Court is Debtor-Appellant Latonya Westry's (herein Debtor) appeal of the Bankruptcy Court's Order [45] sustaining Appellee-Trustee Lim's (herein Trustee)[1] Objection [38] to Debtor's Amendment [34] of exemptions. For the reasons that follow, the Bankruptcy Court's Order [45] is **AFFIRMED**.

**STATEMENT OF FACTS**

The relevant facts of this case are fairly simple. Debtor filed for Chapter 7 liquidation personal bankruptcy protection on November 18, 2011. At the time of filing, Debtor had a pending workers' compensation claim. When Debtor filed for

---

[1] Although Trustee George P. Dakmak preceded Trustee Lim in administering the bankruptcy estate in this case, this Order will simply refer to a singular Trustee.

bankruptcy, she listed the workers' compensation claim with a scheduled value of "unknown" on her Schedule B listing of personal property. On her Schedule C list of exempted property, Debtor claimed the workers' compensation claim was exempted under 11 U.S.C. § 522(d)(5). Exemptions under § 522(d)(5) are statutorily capped at $10,055.00.

On December 21, 2011, the parties held the Meeting of Creditors required by 11 U.S.C. § 341. At the meeting, the Trustee obtained contact information for Debtor's workers' compensation attorney. After communication between Trustee, the Debtor, Debtor's bankruptcy attorney, and Debtor's workers' compensation attorney, all parties were advised that Trustee would be administering Debtor's workers' compensation claim. Eventually, on March 19, 2013, both Trustee and Debtor's employer consented to a $25,000.00 settlement of Debtor's workers' compensation claim. After fees, costs, and Debtor's exemption, this settlement would result in a net receipt of $10,530.29 for the bankruptcy estate.

Pursuant to Trustee's role as administrator of the workers' compensation claim, Trustee received the non-exempt portion of the settlement. On March 27, 2013, Debtor filed amended schedules, claiming that all of her workers' compensation settlement was exempt under 11 U.S.C. § 522(d)(10)(C). Trustee timely objected to the amendments on April 25, 2013 and Debtor responded to Trustee's Objection [38] on May 1, 2013. At a hearing on June 3, 2013, Bankruptcy Judge Rhodes sustained

Trustee's objection, finding by a preponderance of the evidence that the creditors would be prejudiced by the amendments. On June 7, 2013, the parties filed a Order [45] stipulated as to form only memorializing the bankruptcy court's June 3, 2013 ruling. Debtor now appeals that Order [45].

## STANDARD OF REVIEW

This Court reviews a bankruptcy court's conclusions of law *de novo*. *In re Batie*, 995 F.2d 85, 88 (6th Cir. 1993). *De novo* review means that this Court reviews the law independently of the bankruptcy court and no deference is given to the conclusions of the bankruptcy court. *Myers v. IRS (in re Meyers)*, 216 B.R. 402, 403 (B.A.P. 6th Cir. 1998). On appeal to a district court, a bankruptcy court's findings of fact are reversible only if they are clearly erroneous. FED. R. BANKR. P. 8013; *In re Batie*, 995 F.2d at 88. A factual finding is clearly erroneous when the reviewing court is left with a definite and firm conviction that a mistake has been made. *In re AmTrust Financial Corp.*, 694 F.3d 741, 749 (6th Cir. 2012). "[I]f a question is a mixed question of law and fact, then [the district court] must break it down into its constituent parts and apply the appropriate standard of review for each part." *In re Batie*, 995 F.2d at 88.

## ANALYSIS

**The Parties' Arguments**

Debtor argues that she has an absolute right to amend her Schedules pursuant to Federal Rule of Bankruptcy Procedure 1009(a) while her case is still open. Debtor asserts that the only exceptions to the absolute right to amend schedules during an open case is bad faith or concealment of property, which the bankruptcy judge did not find here. Debtor relies heavily on *Lucius v. McLemore*, 741 F.2d 125 (6th Cir. 1984) to support her proposition that a debtor's right to amend is absolute excepting bad faith or concealment of property. In addition to arguing that an objection cannot be sustained on the basis of prejudice, Debtor also asserts that the Bankruptcy Court made no finding of prejudice.

Trustee argues that Debtor mischaracterizes *Lucius* because a debtor's right to file amendments is always subject to a trustee's equal right to file objections to those amendments pursuant to Federal Rule of Bankruptcy Procedure 4003. Indeed, Trustee argues, *Lucius* itself states that a debtor's right to amend schedules is subject to objection by any party in interest. *Id.* at 127. Trustee next cites many cases from several jurisdictions, including the Bankruptcy Court for the Eastern District of Michigan, wherein prejudice was sufficient to sustain a trustee's objections to a debtor's amendments. *See, e.g., In re Lundy*, 216 B.R. 609 (Bankr. E.D. Mich. 1998); *Gold v. Guttman (In re Guttman)*, 237 B.R. 643 (Bankr. E.D. Mich. 1999); *Shapiro*

*v. First Franklin Fin. Group (In re Rechis)*, 339 B.R. 643 (Bankr. E.D. Mich. 2006); *In re Daniels*, 270 B.R. 417 (Bankr. E.D. Mich. 2001). Trustee further argues that the Bankruptcy Court properly found that the creditors would be prejudiced by Debtor's amendments because Trustee would have taken different actions and positions had the amendments been made earlier.

Debtor's Reply Appellate Brief mostly consists in disputing facts that are far afield of the issue upon which her appeal turns. However, Debtor also argues that the legal standard for determining whether prejudice is sufficient to sustain an objection is different than the standard Trustee cites. The two different standards the parties propose will be examined in the Court's analysis below.

### *De Novo* Review of Prejudice as a Proper Basis for Sustaining the Objection

Trustee's arguments are well-received. Whether the bankruptcy court may rely on prejudice to sustain an objection is a question of law that this Court reviews *de novo*. Federal Rule of Bankruptcy Procedure 4003 demonstrates that Trustee was entitled to object to Debtor's amendment and case law demonstrates that the Bankruptcy Court properly sustained the objection on the basis of prejudice. The Sixth Circuit has not yet explicitly ruled on whether prejudice to creditors is sufficient to sustain an objection. *In re O'Brien*, 443 B.R. 117, 142 (Bankr. W.D. Mich. 2011). Because there is no binding case law on this issue, the Court looks to other circuits for guidance. *See, e.g.*, *In re Mulvania*, 214 B.R. 1, 9 (B.A.P. 9th Cir. 1997)

(cautioning against creating inter-circuit conflicts, especially when a lower federal court is addressing an issue already decided by another circuit court); *In re Berg*, 188 B.R. 615, 620 (B.A.P. 9th Cir. 1995), aff'd, 121 F.3d 535 (9th Cir. 1997) (noting that consistent application of federal law is an important goal, and a lower federal court should only deviate under compelling circumstances from the interpretation placed on a federal statute by the only circuit to have spoken). Other circuits have held that prejudice to creditors is a sufficient reason to sustain a trustee's objection to an amendment. *See, e.g., In re Kaelin*, 308 F.3d 885, 889 (8th Cir. 2002) ("[t]he bankruptcy court has the discretion to deny the amendment of exemptions if the amendment is proposed in bad faith or would prejudice creditors"); *In re Doan*, 672 F.2d 831, 833 (11th Cir. 1982) ("a court may deny leave to amend if there is a showing of the debtor's bad faith or of prejudice to the creditors"); *see also* AM. JUR. BANKRUPTCY § 1432 ("a court might deny leave to amend on a showing of a debtor's bad faith or prejudice to creditors") (citing *Matter of Williamson*, 804 F.2d 1355 (5th Cir. 1986)). Accordingly, upon *de novo* review, the Court concludes that a finding of prejudice supported by a preponderance of the evidence is a sufficient basis upon which to sustain the Objection [38].

**Clear Error Review of the Finding of Prejudice Below**

A finding of prejudice is a finding of fact that the district court reviews for clear error. Trustee proposes the following standard upon which the Bankruptcy Court was to determine whether prejudice to the creditors existed:

> In determining whether to deny an amendment to schedules on the basis of prejudice, the focus is on the effect of allowing the amendment upon creditors and other parties in interest. Mere delay in filing an amendment, or the fact that an amendment if allowed will result in the exemption being granted, are not sufficient to show prejudice..... [P]rejudice may be established by showing harm to the litigating posture of parties in interest. If the parties would have taken different actions or asserted different positions had the exemption been claimed earlier, and the interests of those parties are detrimentally affected by the timing of the amendment, then the prejudice is sufficient to deny amendment. Moreover, an amendment is prejudicial if it impairs a trustee in the diligent administration of the estate.

*In re Daniels*, 270 B.R. at 426 (quoting *In re Talmo*, 185 B.R. 637, 645 (Bankr. S.D. Fla. 1995)). Upon review of the particular facts of this specific case, it was not clear error for the Bankruptcy Court to find prejudice by a preponderance of the evidence here. Trustee negotiated the settlement of Debtor's pending workers' compensation claim on behalf of the creditors. Trustee negotiated the settlement under the presumption that any amount over the statutory cap in 11 U.S.C. § 522(d)(5) would go into the bankruptcy estate for the benefit of the creditors. If Debtor's workers' compensation claim had been claimed as completely exempt under 11 U.S.C. § 522(d)(10)(C) at the time of the filing of the bankruptcy petition, Trustee would not

have administered the claim on behalf of the bankruptcy estate. Hence, the Trustee certainly would have "taken different actions" and may have "asserted different positions had the exemption been claimed earlier." *Daniels*, 270 B.R. at 426. The *Daniels* standard for a finding of prejudice was met in this case.

As stated above, Debtor argues that the standard for finding prejudice is stricter than the standard in *Daniels*. In support of this contention, Debtor cites a case from the Bankruptcy Court for the Western District of Michigan, *In re O'Brien*, 443 B.R. 117. *O'Brien* states "In assessing whether sufficient prejudicial conduct or inaction has occurred, the bankruptcy court should 'balance the prejudice to the debtor of disallowing the exemption against the prejudice to third parties in allowing the exemption.'" *Id.* at 143 (quoting *In re Arnold*, 252 B.R. 778, 785 (B.A.P. 9th Cir. 2000)).

The Court need not decide which standard governs prejudice determinations in general because in the case at bar, the facts also satisfy the stricter standard Debtor proposes. At the June 3, 2013 objection hearing, Trustee argued that permitting the amendment would be prejudicial to the creditors because the Trustee had administered the workers' compensation claim. [2] at 75. The Bankruptcy Court went on to find:

> the debtor's obligation is to list the property and claim it as exempt however he or she sees fit. . . the record establishes that it was clear enough to the debtor that the trustee intended to administer and distribute to creditors whatever value there was in this Workers' Compensation claim over and above the initial exemption claimed by

> the debtor in her original Schedule C. Knowing that, nevertheless, the debtor failed and neglected to claim additional apparently available exemptions in it until after she became aware of the precise amount of the exemption – of the Workers' Compensation claim. . . This was improper on her part. She should have claimed whatever exemption she wanted to claim in her discretion from the beginning. Nothing prevented her from doing that.

[2] at 76, 81—2. The record indicates that the Bankruptcy Court found that Debtor's amendment would have prejudiced[2] the creditors because Debtor made the amendment based on the amount of the workers' compensation claim. Stated another way, once it became clear that creditors would receive assets from the workers' compensation claim, Debtor amended her schedules on that basis rather than on a legally substantive basis. Any prejudice to Debtor was of her own creation by delaying the amendments; therefore, the prejudice to the creditors outweighs the prejudice to Debtor under the *O'Brien-Arnold* standard. The Court cannot say that the record indicates that the Bankruptcy Court made a clear error when it made a finding of prejudice here.

Debtor disputes other facts such as the timing of notice of the 341 meeting or certain correspondence or the exact meaning of certain correspondence. These disputed facts are irrelevant to the legal issue upon which Debtor premises her appeal. Most importantly, Debtor knew about the existence and nature of her workers' compensation claim since the time of the initial bankruptcy filing. [2] at 76.

---

[2] Although the Bankruptcy Court does not explicitly use the word prejudice, earlier in the hearing Trustee conceded to the Bankruptcy Court that other than prejudice due to the timing of the amendment the exemptions would be appropriate. [2] at 75.

## CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS ORDERED** that the Bankruptcy Court's June 7, 2013 Order [45] sustaining Appellee-Trustee Lim's (herein Trustee) Objection [38] is **AFFIRMED**.

**SO ORDERED**.

                                                s/Arthur J. Tarnow
                                                Arthur J. Tarnow
Dated: March 19, 2014               Senior United States District Judge